UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 3:06-cv-92-RLY-WGH ) |
| BERRY PLASTICS CORPORATION and WYETH PHARMACEUTICALS, | ) ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND DEFENDANT BERRY PLASTICS CORPORATION'S
MOTION TO COMPEL DISCOVERY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion for Protective Order filed by plaintiff, Illinois National Insurance Company, on December 15, 2006.  (Docket No. 55). Defendant Berry Plastics Corporation responded to plaintiff's motion and filed its Motion to Compel Discovery on January 2, 2007.  (Docket No. 56).  Plaintiff's reply brief was filed on January 9, 2007.  (Docket No. 58).  Plaintiff also filed a response in opposition to Berry Plastics' Motion to Compel Discovery on January 17, 2007.  (Docket No. 59).

This is an action for declaratory judgment between Illinois National Insurance Company ("Illinois National") and Berry Plastics Corporation ("Berry") concerning coverage under an Illinois National commercial umbrella policy issued to Berry for a claim brought by defendant Wyeth Pharmaceuticals

("Wyeth") against Berry. Berry has filed a counterclaim against Illinois National alleging a bad faith denial of the insurance claim.

In the course of the litigation, Berry served Illinois National with its first set of interrogatories and first set of requests for production of documents. In this case, Request for Production Nos. 7, 8, 9, 10 and 11 and Interrogatory Nos. 15 and 16 are disputed by the parties. The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the plaintiff's Motion for Protective Order and **GRANTS, in part,** and **DENIES, in part,** Berry's Motion to Compel Discovery.

After a review of the pleadings and documents in this case, the Magistrate Judge concludes that the underlying claim by Wyeth against Berry was settled prior to any litigation between the two entities. Thus, this coverage dispute does not involve any questions regarding the duty to defend. The facts, as pled to date, also do not implicate an undue delay with respect to the decision not to provide coverage in this case. As such, the Magistrate Judge does believe that this is an instance in which bifurcation of the bad faith claim from the underlying coverage decision is warranted. The Magistrate Judge's review of the coverage decision indicates that this court's review will primarily involve the interpretation of policy documents and cases interpreting language surrounding the policy. The "coverage" issue can be fairly easily segregated from the bad faith claim.

The Magistrate Judge does conclude that certain of the discovery requests seek information relevant to issues of interpretation of the language. Therefore,

Berry's Motion to Compel Discovery is **GRANTED** as to Request for Production No. 9 (all training materials, including manuals used by claims adjusters and supervisors) and Request for Production No. 11 (involving all publications and newsletters prepared by Illinois National or on its behalf for the last five years which address coverage disputes involving commercial general liability and commercial umbrella policies).  These may reasonably lead to the development of admissible evidence on the coverage issue.  The Motion to Compel Discovery is **DENIED** as to Request for Production Nos. 7, 8 and 10 and Interrogatory No. 15 and 16.

In the event the court concludes that Illinois National's coverage decision was improper, the Magistrate Judge will reopen discovery with respect to bad faith issues, and it is likely that other information sought by Berry in this case will be determined to be relevant to that claim.

You are hereby notified that the District Judge may reconsider any pre-trial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:**  January 19, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Angela L. Freel
RUDOLPH FINE PORTER & JOHNSON LLP
alf@rfpj.com

Su Jin Hwang
BATES & CAREY LLP
shwang@batescarey.com

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Kelly A. Kraft
BATES & CAREY LLP
kkraft@batescarey.com

Robert S. Marshall
BATES & CAREY LLP
rmarshall@batescarey.com

Richard H. Nicolaides Jr.
BATES & CAREY LLP
rnicolaides@batescarey.com

Douglas A. Welp
BAMBERGER FOREMAN OSWALD & HAHN
dwelp@bamberger.com